# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON EUGENE MORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>NAGALAMA, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00205-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Docs. 1, 2)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**Clerk's Office to Assign a District Judge** |

## I. INTRODUCTION

Plaintiff, Leon Eugene Morris, is a state prisoner proceeding *pro se* in this civil action under 28 U.S.C. § 13423(a) and 42 U.S.C. § 1983, which he filed on February 13, 2019. Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 along with the Complaint. (Doc. 2.) Plaintiff's application should be **DENIED** because Plaintiff has three strikes under § 1915, and his allegations fail to show that he is in imminent danger of serious physical injury. In general, the denial of *in forma pauperis* status results in dismissal without prejudice to refiling on prepayment of the filing fee. However, this action should be dismissed with prejudice as it is barred by the statute of limitation because it is based on events that occurred in 2009 and 2010.

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

1

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

III. **DISCUSSION**

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of orders issued by the Ninth Circuit, finding that Plaintiff had three strikes under section 1915: *Leon Morris v. C. Green*, 9th Cir. No. 16-17356 order issued on December 21, 2017, Doc. No. 18; and *Leon Morris v. C. Richards, et al.*, 9th Cir. No. 17-15193 ordered issued on September 15, 2017, Doc. No. 19. These orders were issued over a year before Plaintiff filed this action on February 13, 2019. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless, at the time the Complaint was filed, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's Complaint in this action and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). When Plaintiff filed this action, he was housed at California State Prison, Corcoran ("CSP-Cor"). (*See* Doc. 1, p. 1.) However, the Complaint contains allegations regarding incidents that occurred at California State Prison, Sacramento ("CSP-Sac"). Plaintiff does not state any allegations of similar wrongdoing at CSP-Sac and was not in imminent danger of serious physical injury at the time he filed suit. *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007). Thus, Plaintiff is precluded from proceeding *in forma pauperis* in this action.

Not only should Plaintiff's motion to proceed *in forma pauperis* be denied, but this action should be dismissed with prejudice as barred by the statute of limitations. Plaintiff begins his statement of claim by alleging that "[i]n 2009 and 2010, defendants colluded and conspired in a campaign of retaliation against plaintiff for exercising the right to file 602 staff complaints, writing the warden, internal affairs in Sac (sic), Judge Thelton Henderson and Mr. Kelso the federal medical receiver. Defendants further demonstrated clear deliberate indifference to

plaintiffs serious medical and mental health needs." (Doc. 1, p. 4.) Plaintiff then describes events surrounding a 2010 hunger strike (*id.*, pp. 4-5); difficulties obtaining orthopedic shoes and pain medication in 2009 after he filed separate inmate appeals against Dr. Nagalama and Dr. Vu (*id.*, pp. 6-8); and being told, in May of 2009, by Sergeant Dragash (who was investigating an inmate appeal Plaintiff filed against Sergeants Turner and Whitted) that Sergeants Turner and Whitted "would be after Plaintiff if he did not stop filing 602s and writing the warden," after which Plaintiff saw Sgt. Turner who called Plaintiff a "piece of shit" and told Plaintiff "now write and tell the warden that" (*id.*, p. 8).

The applicable statute of limitations commences to run upon accrual of the plaintiff's claim, i.e. when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is normally on the date of injury, *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir.1994). Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life—which gives such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law). Although the term of Plaintiff's sentence is not known, the limitations period for his claims would not be different if he were serving a term of life with the possibility of parole, as that is considered a term of less than life. *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998). Further, in California "[l]imitations are tolled during period of imprisonment of persons sentenced to life imprisonment." Cal. Civ. Proc. Code § 352.1, note (West Ann. 2017) (2. Construction and application) (citing *Grasso v. McDonough Power Equip.*, 264 Cal.App.2d 597, 601 (1968) (dismissal reversed on demurrer based on statute of limitations of action brought by inmate sentenced to a life term approximately nine years after precipitating

incident)); *see also Brooks v. Mercy Hosp.*, 1 Cal.App.5th 1, 6-7 (2016) (finding "*. . . Grasso* remains good law.") Thus, without knowing his sentence, Plaintiff had a minimum of four years from the date of the incidents at issue to file suit. Accordingly, because this action is based on events that occurred in 2009 and 2010, it should be dismissed with prejudice since it is barred by the statute of limitations.

## IV. CONCLUSION and RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis*, filed on February 13, 2019, (Doc. 2), be denied and this action be dismissed with prejudice because it is barred by the statute of limitations.

The Clerk's Office is directed to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in the waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 14, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

4