# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON EUGENE MORRIS,<br><br>            Plaintiff,<br><br>    v.<br><br>NAGALAMA, et al.,<br><br>            Defendants. | Case No.  1:19-cv-00205-LJO-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR RECONSIDERATION PER FED. R. CIV. P. 60(b)(1)**<br><br>**(Docs. 6, 7)** |

Plaintiff, Leon Eugene Morris, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On February 15, 2019, the Magistrate Judge issued findings and recommendations to deny Plaintiff's application to proceed *in forma pauperis* and that the action be dismissed with prejudice because it is barred by the statute of limitations.  (Doc. 3.)  Plaintiff did not file any objections.  Thus, on April 17, 2019, the findings and recommendations were adopted in full and the case was closed.  (Docs. 4, 5.)  Nearly two months later, Plaintiff filed a response to the order adopting the findings and recommendations and a request for leave to file it late, (Docs. 6, 7), which are construed as motions for reconsideration of the order adopting he findings and recommendations that dismissed this action.

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

1

(2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his filings, Plaintiff states that he is already litigating this action in the Sacramento Division of this court so his complaint was filed in this Court in error, that the Ninth Circuit ruled in 2103 or 2014 that he did not have three strikes, (Doc. 6 [1]), and that he has been unable to go to

---

[1] Plaintiff also states that he did not receive the findings and recommendations. It was served on Plaintiff the same day it issued and has not been returned by the US Postal Service. However, Plaintiff's motions are not being denied on any finding that they are untimely. Even if Plaintiff had raised these issues in objection to the findings and recommendations, the result would be the same.

2

the law library for over a month (Doc. 7).  Plaintiff does not cite any case numbers for the either the case in the Sacramento Division in which he intended the complaint in this action to be filed, nor does he provide a citation to any finding by the Ninth Circuit applicable here.  However, any finding regarding how many strikes Plaintiff had in 2013 or 2014 would not necessarily proscribe the finding that he had three strikes when his complaint was filed in this action.  Further, any such finding would not warrant reconsideration of the order dismissing this action since it is barred by the statute of limitations.  Finally, neither of Plaintiff's filings contain admissible evidence to support his assertions or to warrant reconsideration and the Court finds none.  Plaintiff's recourse for any alleged errant filing of documents in this Court which Plaintiff intended to be filed in a case in the Sacramento Division is in any such action in Sacramento and not with this court.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the April 17, 2019 order which dismissed this action as well as the findings and recommendation that issued on February 15, 2019, which the April 17, 2019 order adopted, are supported by the record and proper analysis.

Accordingly, Plaintiff's motions for reconsideration, filed on June 12, 2019 (Docs. 6, 7), are HEREBY DENIED and any objections based thereon are OVERRULED.

IT IS SO ORDERED.

    Dated:  **June 13, 2019**                    /s/ Lawrence J. O'Neill
                                                    UNITED STATES CHIEF DISTRICT JUDGE